UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA ENRIQUEZ (#2009-0030416), | ) |
| Plaintiff, | ) |
| | ) No. 13 C 5925 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| COOK COUNTY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joshua Enriquez, presently in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). In his complaint, Plaintiff alleges in part that the Defendants, Cook County Sheriff Tom Dart, Roshanda Carroll, Superintendent Reyes, and P.A.C.E. Director Freeman, violated his constitutional rights by preventing him from participating in G.E.D. programs at the Cook County Jail because he is taking prescription medications for mental health issues.

Presently before the Court is Defendant Dart's motion to dismiss Plaintiff's complaint for failure to state a claim against him in his individual capacity [#15]. In his motion, Defendant Dart argues that Plaintiff has failed to plead personal involvement on behalf of Defendant Dart in the denial of access to eduactional programs for detainees prescribed medications for mental illneass at the Cook County Jail.

It is well established that *pro se* complaints are to be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair

1

notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citation omitted). To survive a motion to dismiss, the challenged pleading must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the [non-movant] has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc*., 496 F.3d 773, 776 (7th Cir. 2007) (citation omitted). The complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).

## BACKGROUND

Plaintiff alleges the following facts in his complaint, which are accepted as true for purposes of the motion to dismiss. Plaintiff is in custody at the Cook County Jail. He has requested access to G.E.D. programs, and while he has filed grievances and been told he would be accommodated, nothing has been done. Plaintiff alleges a custom and policy of discrimination against mentally ill detainees in failing to provide them educational opportunities because they have been prescribed psychotropic medications. In support of his allegation, Plaintiff states that Division 10, the cellhouse where mentally ill detainees are housed, is the only cellhouse at the jail where educational opportunities are not provided. Plaintiff alleges that this policy violates his right to equal protection under the Fourteenth Amendment, and violates his right to accommodation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

## ANALYSIS

Plaintiff alleges that Defendants, including Dart, violated his right to Equal Protection and to accommodation under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Because § 1983 creates a cause of action based on personal liability and predicated upon fault,

"to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005); *see also J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). There being no *respondeat superior* liability under § 1983, the mere fact that Dart holds a supervisory position at Cook County Jail is insufficient to hold him liable, *see Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), even if he was negligent, *see Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) ("supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable").

"However, [a supervisory] official satisfies the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011) (internal quotation marks omitted); *see also Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1012 (7th Cir. 2000) ("An official causes a constitutional violation if he sets in motion a series of events that defendant knew or reasonably should have known would cause others to deprive plaintiff of constitutional rights.").

Plaintiff has failed to state an individual capacity claim against Dart with regard to Plaintiff being refused access to educational programs in Division 10 at the Cook County Jail. Plaintiff does not assert in his complaint what, if any, direct personal involvement Dart had with respect to denying him access to educational programs. Nor does Plaintiff suggest that the denying him access to educational programs was at Dart's direction or with his knowledge or approval. Accordingly, the individual capacity claim against Dart is dismissed. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 593-94 (7th Cir. 2003) (holding that the defendant sheriff was not

3

subject to individual liability where he had no knowledge of or personal involvement in the actions leading to the alleged constitutional violation); *Maltby v. Winston*, 36 F.3d 548, 559 (7th Cir. 1994) (same).

However, Plaintiff may proceed against Defendant Dart in his official capacity. A suit against a municipal official in his official capacity is equivalent to a suit against the municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (internal citation and quotation marks omitted); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("an official capacity suit is another way of pleading an action against an entity of which the officer is an agent"). Accordingly, official capacity claims are governed by the municipal liability standards applicable to claims brought pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007).

To state a claim under *Monell*, Plaintiff must allege "that an official policy or custom not only caused the constitutional violation, but was the moving force behind it." *Id*. (internal quotation marks omitted). "An official policy or custom may be established by means of [1] an express policy, [2] a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or [3] through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012); *see also Milestone v. City of Monroe*, 665 F.3d 774, 780 (7th Cir. 2011). Plaintiff alleges that there is a policy of depriving detainees who are prescribed medications for mental illness access to educational programs at the Jail. He

4

also alleges that Division 10, where the mentally ill detainees are housed, is the only division at the jail without any school programs.  Plaintiff has successfully pled an Equal Protection violation against Defendant Dart in his official capacity.  Accordingly, he may proceed on this claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [#15] is granted.  Plaintiff's individual capacity claim against Defendant Dart is dismissed. Plaintiff may proceed on his § 1983 claim against Defendant Dart in his official capacity, only.

**Dated**: April 30, 2014

_____
 **Ronald A. Guzmán**
 **United States District Court Judge**